880 F.2d 415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fannie Mae TREU, Executrix of the Estate of Donald Treu;
Elizabeth Gardiner, Administratrix of the Estate
of John H. Gardner, Deceased, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant,
Gates Learjet Corporation, a foreign corporation, Defendant.
 No. 88-2052.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, United States of America, appeals the district court's supplemental findings of fact made on remand. For the reasons which follow, we affirm.
 
 I.
 
 2
 A recitation of the underlying facts of this case, presented in our unpublished decision Treu v. United States, 779 F.2d 53 (6th Cir.1985), is not necessary to resolve the dispute in the instant appeal. In the previous action, we stated that the district court's statement concerning the 'wrong position' report given by the air traffic controller was ambiguous. Because of this ambiguity, we remanded the case and instructed the court to clarify the precise nature and effect of the controller's report. In addition, we stated that the plaintiffs were entitled to prevail if the district court found, in fact, that the jet was less than seven miles from the airport when the controller told it to turn for landing.
 
 
 3
 On September 8, 1988, the district court issued supplemental findings of fact and, after briefly discussing our remand instructions, found that "the aircraft was in fact less than seven miles from the threshold of the runway, and thus, less than three and a half miles east of Dort when it intercepted the localizer for its approach and landing." J.App. at 20 (emphasis added). The court also found that
 
 
 4
 the plane was really three to six miles Southeast of Dort or approximately in that location in view of the flap condition found after the crash (20 degrees of flap which indicates a nonlanding configuration) and certain witnesses' testimony ...
 
 Id. at 22. Further, the court stated that
 
 5
 [i]t is also apparent from even a rough diagram, that if the aircraft was three miles (as reported by the controller), seven miles (the longest distance testified to by the controllers) or even ten miles (further than any testimony) Southeast of Dort, turning to 300 degrees in order to intercept the localizer would place the aircraft way inside the minimum distance of seven miles from the runway threshold when it intercepted the localizer.
 
 
 6
 Id. at 23. In again holding the Government liable, the district court concluded that
 
 
 7
 it is therefore determined that the instructions given by the controller were such as to prevent the pilots of this very sensitive aircraft from properly configuring the plane and putting it in a proper landing position within the time allotted from the time it intercepted and sought to turn on the localizer and the reaching of the runway threshold.
 
 
 8
 Id. at 26.
 
 II.
 
 9
 On appeal, the Government challenges the district court's conclusion that the aircraft was, in fact, less than seven miles from the airport when the air traffic controller instructed it to turn for landing. In addition, the Government contends that our recent decision in Schuler v. United States, 868 F.2d 195 (6th Cir.1989), prevents the district court from holding the Government liable because the controller was not required to foresee that the pilot would attempt to stay on the localizer rather than make a missed approach.
 
 
 10
 Most of the Government's claims challenge the district court's decision to credit the testimony of certain witnesses and rely on certain evidence. We review a district court's findings of fact pursuant to the clearly erroneous rule. Fed.R.Civ.P. 52(a). This standard "is met 'when although there is evidence to support [the district court's findings], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Loudermill v. Cleveland Bd. of Educ., 844 F.2d 304, 308 (6th Cir.), cert. denied, 109 S.Ct. 363 (1988). In addition, because of "the unique opportunity afforded the trial court judge to evaluate the credibility of witnesses and to weigh the evidence," we cannot substitute our "interpretation of the evidence for that of the trial court simply because [we] 'might give the facts another construction [or] resolve the ambiguities differently.' " Inwood Laboratories v. Ives Laboratories, Inc., 456 U.S. 844, 855, 857 (1981) (quoting United States v. Real Estate Boards, 339 U.S. 485, 495 (1950)). Although the district court could have given the facts another construction or resolved the ambiguities in the Government's favor, we hold that the district court followed our remand instructions and that the court's supplemental findings of fact are not clearly erroneous.
 
 
 11
 With respect to the Government's claim that this case should be reevaluated in light of Schuler, we note that the pilot in Schuler was aware that the air traffic controller had given him wrong instructions. Despite this knowledge, the pilot followed the controller's instructions by attempting to land the aircraft and, in the process, caused the plane to roll over and crash. In contrast, there is no evidence that the pilot in the instant action attempted to land the plane with the knowledge that the air traffic controller's instructions were incorrect. Moreover, while we found that the controller's instructions in Schuler complied with FAA regulations, the district court found in the instant action that the controller's instructions violated FAA regulations. Therefore, because Schuler is not applicable to the facts in this case, we also reject the Government's contention that the district court erred as a matter of law in holding the Government liable.
 
 III.
 
 12
 Accordingly, we AFFIRM the district court.